IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

TANIESJA MITCHELL,

    Plaintiff,

v.

GRAYSON DUTTON,

    Defendant.

## **COMPLAINT**

Plaintiff TaNiesja Mitchell brings claims this complaint against Defendant Grayson Dutton alleging violations of the Fourth Amendment under 42 U.S.C. § 1983 and assault and battery under O.C.G.A. §§ 51-1-13 and 51-1-14.

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights under the Fourth Amendment to the U.S. Constitution.

3. Venue is proper in this district under 28 U.S.C. § 1391(b), this being the district where the claims arose.

4. This Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1331.

## Parties

5. Plaintiff TaNiesja Mitchell is an adult resident of Alabama.

6. At all times relevant to this complaint, Defendant Grayson Dutton was certified law enforcement officer employed by the Muscogee County Sheriff's Office.

## Factual Allegations

7. On December 14, 2024, several officers were dispatched to a bar in Columbus, Georgia, in response to a report of an altercation inside the bar.

8. Defendant Grayson Dutton, a corporal employed by the Muscogee County Sheriff's Office, was one of the officers who was dispatched to the scene.

9. Plaintiff was initially inside the bar with her husband and was not part of the altercation.

10. After the altercation broke out, several of the patrons, including Plaintiff, were ordered to leave the bar.

11. Plaintiff left the bar, and in the process was separated from her husband.

12. While outside, officers began arresting some of the patrons.

13. As two officers arrested one person, Plaintiff was standing next to them.

14. Defendant Dutton was not initially part of that arrest.

15. One of the two officers making that arrest ordered Plaintiff to back up.

16. As those officers were making the arrest, Defendant Dutton approached them.

17. As Defendant Dutton approached, Plaintiff's back was turned, and she could not see him.

18. As Defendant Dutton approached, Plaintiff had already begun moving away from the officers making the arrest.

19. Without any warning, Defendant Dutton grabbed Plaintiff from behind and threw her down and forward with such force that Plaintiff fell head-first into the concrete sidewalk.

20. Defendant Dutton's use of force was immediate, unexpected, and gave Plaintiff no time to react to the sudden force applied by Dutton.

21. Plaintiff was knocked unconscious by the fall.

22. Defendant Dutton did not render any aid to Plaintiff after he threw her to the ground and knocked her unconscious.

23. After the incident, Defendant Dutton was disciplined by the Muscogee County Sheriff for violating policies by: (a) not reporting the incident; (b) not completing a report; (c) not rendering first aid; and (d) using excessive force.

24. Defendant Dutton's use of force caused Plaintiff physical pain and suffering, medical expenses, and emotional distress.

## Count I

25. As set forth above, Defendant Dutton actions constituted excessive force under the Fourth Amendment of the United States Constitution.

## Count II

26. As set forth above, Defendant Dutton's actions constituted assault and battery under O.C.G.A. §§ 51-1-13 and 51-1-14.

## Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants on all counts and award:

A. compensatory damages;

B. punitive damages;

C. attorney's fees under 42 U.S.C. § 1988;

D. attorney's fees under O.C.G.A. § 13-6-11;

E. court costs; and,

F. all other relief at law or in equity to which Plaintiff is legally entitled.

## Jury Demand

Plaintiff demands a trial by jury pursuant to Rule 38(b) on all issues so triable.

Dated: May 23, 2025

                                                     Respectfully submitted,

| | |
|---|---|
| SPEARS & FILIPOVITS, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, Georgia 30030<br>404.905.2225<br>jeff@civil-rights.law<br>wingo@civil-rights.law | **<u>Jeff Filipovits</u>**<br>Jeff Filipovits<br>Georgia Bar No. 825553<br><br>**<u>Wingo F. Smith</u>**<br>Wingo F. Smith<br>Georgia Bar No. 147896 |