IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| TANIESJA MITCHELL, | * |
| | * |
| | * |
| Plaintiff, | * |
| v. | *   Case No: 4:25-cv-00160-CDL |
| | * |
| GRAYSON DUTTON, | * |
| | * |
| | * |
| Defendant. | * |
| | * |

## JOINT SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on July 1, 2025 involving initial defense counsel,

and on July 25, 2025 with Defendant's undersigned counsel. In accordance with the Court's Rules

16 and 26 Order dated June 23, 2025, the parties to this action conferred and jointly developed this

Proposed Scheduling and Discovery Order containing deadlines and limitations as follows:

**I.    COUNSEL OF RECORD:**

**Lead Counsel for Plaintiff:**

Jeff Filipovits
Jeff@civil-rights.law
Wingo F. Smith
wingo@civil-rights.law
Spears & Filipovits, LLC
315 W. Ponce De Leon Ave., Ste 865
Decatur, Georgia 30030
(404) 905-2225

**Lead Counsel for Defendant:**

David R. Helmick
Waldrep, Mullin & Callahan, LLC
111 12th Street, Suite 300
PO Box 351
Columbus, Georgia 31902

1

(706) 221-4635 direct
dhelmick@waldrepmullin.com

## II. PROCEDURAL HISTORY:

| | |
|---|---|
| Complaint Filed: | May 23, 2025 |
| Summons Issued: | May 29, 2025 |
| Defendant's Answer and Defenses Filed: | June 18, 2025 |

## III. DISCOVERY DEADLINES:

### A. <u>Initial Disclosures:</u>

The parties' initial disclosures deadline shall be **August 1, 2025**.

### B. <u>Completion of Discovery:</u>

The parties expect to complete discovery on or before **December 18, 2025**, which is six months after the filing of Defendant's Answer and Defenses.

### C. <u>Electronic service of discovery materials</u>

The parties agree that discovery material (both requests and responses) may be served via electronic means and that no party requires service via U.S. mail. The parties agree that they will share an obligation to acknowledge receipt of any emailed discovery by responding to that email. The parties further agree that, upon request, for any discovery served via electronic means, three days shall be added to time for any necessary response as set forth in Fed. R. Civ. P. 6(d). The parties reserve the right to request that any party who has produced discovery responses via electronic means to also supply a physical copy of those responses.

### D. <u>Witnesses to be Deposed:</u>

Plaintiff anticipates at this time that the following witnesses will and/or may be deposed during discovery at a date, place, and time agreed-upon by the parties:

(1) Grayson Dutton;

(2) Sergeant S. Hayes;

(3) Officer K. Batson;

(4) Jarrod Mitchell;

(5) Matthew Bennett;

(6) Muscogee County Sheriff's Office (pursuant to Fed. R. Civ. P. 30(b)(6));

(7) Any witnesses to the events identified during the course of discovery.

Defendant anticipates at this time that the following witnesses will be deposed during discovery at a date, place, and time agreed-upon by the parties:

(1)    Taniesja Mitchell;

(2)    Any witnesses to the events giving rise to Plaintiff's claims whose identity is learned through discovery; and

(3)    Any and all expert witnesses identified by Plaintiff.

Defendant will further identify any additional such witnesses to be deposed as discovery proceeds and after receiving Plaintiff's initial disclosures, discovery responses, and expert disclosures.

The parties will work together to schedule depositions cooperatively. The parties acknowledge that factual investigation and discovery in this matter are ongoing, and that additional individuals likely to have discoverable information may become known to the parties during the course of discovery.

### E. **Expert Witnesses:**

Plaintiff shall file and serve to all other parties disclosures relating to expert witnesses on or before **September 18, 2025**, and will make his experts available for deposition at that time. Defendants shall file and serve disclosures relating to expert witnesses on or before **October 18, 2025**, and will make their experts available for deposition at that time. In the event that Defendants designate an expert where Plaintiff has not previously designated an expert, Plaintiff shall have an

3

additional (30) days to designate a rebuttal expert witness.  The deposition of any party's rebuttal expert shall occur on or before **December 18, 2025**, which is the close of discovery.

Any disclosure of an expert witness retained or specifically employed to provide expert testimony in the case or one whose duties as a party's employee regularly involve giving expert testimony must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Rule 26(a)(2)(B).  Any disclosure of an expert witness who is not required to provide a written report under Rule 26(a)(2)(B) must comply with Rule 26(a)(2)(C) and disclose the identity of the witness, the subject matter on which the witness is expected to present expert testimony, and a summary of the facts and opinions to which the witness is expected to testify.

Unless otherwise ordered by the Court, any motions to exclude expert testimony pursuant to Federal Rule of Evidence 702 and/or *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), shall be filed within days 21 after the court's ruling on the last pending motion for summary judgment or by the deadline for motions in limine as set in an order for pretrial conference, whichever is sooner.  If no summary judgment is filed by the date that the dispositive motions are due, then any *Daubert* motions shall be filed within 21 days after the due date for filing dispositive motions. If an evidentiary hearing is necessary for the resolution of a *Daubert* motions, the party requesting the hearing shall file a written request for the hearing at the time of the filing of the motion or the response to the motion.

### F. <u>Estimated Cost of Discovery:</u>

At this time, Plaintiff anticipates the approximate cost of discovery in this matter is $75,000.00, depending on number of witnesses and depositions required.  Defendant anticipates

the approximate cost of discovery in this matter is $25,000, depending on the number of witnesses and depositions required.

## IV.    Time for Filing Motions:

### A.    Motions to Amend the Pleadings or to Join Parties

The parties stipulate that the deadline to join additional parties and to amend the pleadings shall be 60 days prior to the close of discovery, that is, on or before October 20, 2025.

### B.    Dispositive Motions

The parties expect to file all motions except summary judgment motions and other pre-trial motions prior to the expiration of the discovery period.  All motions will be filed pursuant to the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Middle District of Georgia.  The parties must file any motions for summary judgment by **February 4, 2026** which is 45 days after the close of discovery.

## V.    Compliance with Rules and Existing Limitations:

Except as expressly noted herein, the parties do not request that any changes be made on existing discovery limitations.  The parties, however, reserve the right to move the Court for limitations on or expansions of discovery in the future, if necessary, in accordance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the United States District Court for the Middle District of Georgia.

## VI.    CERTIFICATION OF COUNSEL

The parties certify, through the signatures of their respective counsel below, that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of this case, pursuant to Federal Rule of Civil Procedure 26(f).

This 30th day of July, 2025.


WALDREP, MULLIN & CALLAHAN, LLC   SPEARS & FILIPOVITS, LLC

/s/ David R. Helmick
David R. Helmick
Ga. Bar No.: 344210
dhelmick@waldrepmullin.com
111 12th Street, Suite 300
PO Box 351
Columbus, Georgia 31902
706-320-0600
706-320-0622(f)

/s/ Jeff Filipovits
Jeff Filipovits
Ga. Bar No.: 825553
Jeff@civil-rights.law
Wingo F. Smith
Ga. Bar No.: 147896
wingo@civil-rights.law
315 W. Ponce De Leon Ave., Suite 865
Decatur, Georgia 30030
(404) 905-2225

## ORDER

The Court, having reviewed the information contained in the Joint Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby adopts the parties' plan and makes it the order of the Court.

IT IS SO ORDERED, this 1st day of August, 2025.

s/Clay D. Land

CLAY D. LAND, JUDGE
U.S. DISTRICT COURT